In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00402-CV
_____

IN RE COMMITMENT OF RICKY WAYNE TURNER

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-11-12507 CV**

_____

**MEMORANDUM OPINION**

The State filed a petition to commit Ricky Wayne Turner as a sexually

violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-841.151 (West

2010 & Supp. 2014) (the SVP statute). A jury found that Turner suffers from a

behavioral abnormality that makes him likely to engage in a predatory act of sexual

violence. *See id.* § 841.003(a) (West Supp. 2014). The trial court signed a final

judgment and order of civil commitment. Turner raises three issues on appeal: 1)

Turner argues that the trial court erred in denying him assistance of counsel at a

post-petition psychiatric examination; 2) Turner argues the trial court erred in

admitting into evidence graphic details of his sexually violent offenses; and 3) Turner challenges the factual sufficiency of the evidence supporting the finding that he is a sexually violent predator. Finding no error, we affirm the trial court's judgment and order of civil commitment.

RIGHT TO COUNSEL

In his first issue, Turner contends that the trial court committed reversible error by denying him the right to have his attorney present at the post-petition psychiatric examination conducted by the State's expert prior to trial. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during a psychiatrist's post-petition examination. *In re Commitment of Smith*, 422 S.W.3d 802, 810 (Tex. App.—Beaumont 2014, pet. denied). Therefore, we overrule issue one.

ADMISSION OF EVIDENCE

In his second issue, Turner challenges the admission of evidence, through the testimony of the State's expert, Dr. Self, regarding the details of Turner's charged and uncharged sexually violent offenses. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26,

2

2008, pet. denied) (mem. op.). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

"[A]n expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which he bases his opinion." *In re Commitment of Jackson*, No. 09-12-00291-CV, 2013 Tex. App. LEXIS 13507, at *9 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.); *see In re Commitment of Day*, 342 S.W.3d 193, 197-98 (Tex. App.—Beaumont 2011, pet. denied). The trial court "shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial." Tex. R. Evid. 705(d). "If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request." *Id.* Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.

Turner did not object to the trial court's limiting instruction given during the trial or in the jury charge, nor did he request a different or additional instruction. We presume the jury followed the trial court's limiting instructions. *See In re Commitment of Day*, 342 S.W.3d at 199. The trial court could reasonably conclude that the facts and details related to Turner's underlying offenses would be helpful

3

to the jury in weighing the testimony and the opinion of the expert, and in explaining the basis for Self's opinion that Turner suffers from a behavioral abnormality. Given the purpose for admitting this evidence and the trial court's limiting instructions, the trial court's conclusion that the evidence was not unfairly prejudicial was reasonable. *See In re Commitment of King*, No. 09-13-00255-CV, 2014 Tex. App. LEXIS 724, at **7-8 (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.). The admission of Self's testimony was not an abuse of discretion. *See* Tex. R. App. P. 44.1(a)(1). Accordingly, we overrule issue two.

FACTUAL SUFFICIENCY

In issue three, Turner challenges the factual sufficiency of the evidence to support the jury's verdict. Under a factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d at 213. In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a) (West Supp. 2014). A "behavioral

4

abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

During the trial, the jury heard evidence regarding Turner's criminal history, including his sexual offenses. Turner was arrested in 1978 for attempted rape. He pleaded guilty, was convicted, and placed on probation. Turner also admitted that he pleaded guilty in 1998 to two counts of indecency with a child by contact. He was sentenced to fifteen years in prison for the indecency-with-a-child offenses. At the time of the civil commitment trial, he was still serving the remaining term of his sentences. Turner testified at trial that he was addicted to sex while he was in the "free world," and that he has not received sex offender treatment. Turner admitted he knew it was wrong to sexually offend against his victims, but that he did it anyway. Turner told the jury, "I didn't go looking for the kids," therefore he does not consider himself a pedophile even though some of his victims were children. He explained that he committed the sexual offenses against children because of his "sexual addiction." Turner testified that he is not currently sexually attracted to children, nor was he sexually attracted to them when he committed the offenses against them. Turner testified that his sexual assaults of the adult victims

occurred because he was "drunk." Turner admitted that when he asked for sex offender treatment it was to help him "with a proceeding like this," but he also believes that he needs sex offender treatment to prevent him from reoffending. He also admitted that he has a "number of high risk situations" that involve "people and places," including being alone with a child. Furthermore, Turner testified that he has not learned anything in prison to help him adapt if released. He stated that he believes his anger problem is worse now than before he went into prison, and he is concerned about how he will control his anger and behavior when released from prison. Turner admitted he is impulsive, has had sex with prostitutes and used pornography in the past, and that he has received about eighty-five major disciplinary write-ups while incarcerated.

Dr. David Self, a forensic psychiatrist, opined that Turner suffers from a behavioral abnormality. Dr. Self identified the presence of several risk factors that increase Turner's likelihood of sexual re-offense: his unstable lifestyle, his inability to control acting out on unacceptable impulses, the early age at which he began offending, his nonsexual criminal history, his unstable work history, and his intimacy deficits. Dr. Self diagnosed Turner with pedophilia non-exclusive bisexual, paraphilia not otherwise specified--nonconsenting, and personality disorder with prominent narcissistic, borderline, and antisocial traits. According to

6

Dr. Self, pedophilia is a "chronic situation" that "doesn't go away[,]" and Turner has a "serious inability to control his behavior[.]" Furthermore, Turner's risk of reoffending is moderate-high.

On appeal, Turner contends the evidence was factually insufficient to support the jury's verdict because "the State's only expert relied on incorrect legal standards in reaching his opinion." Turner complains that Self's belief that a person who knows the consequences of a certain behavior but engages in that behavior anyway is volitionally impaired does not comport with the U.S. Supreme Court's holding that involuntary civil committees must have serious difficulty in controlling their behavior. Turner further argues that Dr. Self's testimony regarding the meaning of the term "likely" being "just a mere possibility" is contrary to the U.S. Supreme Court's assertion that involuntary civil commitment is limited to those who are dangerous beyond their control.

This Court has rejected the argument that the term "'likely' has a precise definition of the type associated with any certain assigned percentage of risk." *In re Commitment of Kalati*, 370 S.W.3d 435, 439 (Tex. App.—Beaumont 2012, pet. denied). Additionally, Dr. Self's testimony is not insufficient merely because the term "likely" is not defined by the statute or case law. *See In re Commitment of Cardenas*, No. 09-13-00484-CV, 2014 Tex. App. LEXIS 6441, at **7-8 (Tex.

7

App.—Beaumont June 12, 2014, no pet.) (mem. op.); *In re Commitment of Kirsch*, No. 09-08-00004-CV, 2009 Tex. App. LEXIS 5436, at *17 (Tex. App.—Beaumont July 16, 2009, pet. denied) (mem. op.). Furthermore, an expert's explanation of the term "likely," in and of itself, would not necessarily render the evidence insufficient to support a jury's finding that a person suffers from a behavioral abnormality. *In re Commitment of Cardenas*, 2014 Tex. App. LEXIS 6441, at *8; *In re Commitment of Kirsch*, 2009 Tex. App. LEXIS 5436, at *19. An expert's definition merely goes to the weight that the jury may give the expert's testimony. *In re Commitment of Cardenas*, 2014 Tex. App. LEXIS 6441, at *8; *In re Commitment of Kirsch*, 2009 Tex. App. LEXIS 5436, at *19.

Whether a person suffers from an emotional or volitional defect so grave as to cause behavior that makes him a menace is included in the determination of whether he has serious difficulty in controlling behavior. *In re Commitment of Almaguer*, 117 S.W.3d 500, 505-06 (Tex. App.—Beaumont 2003, pet. denied). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *Id.* at 506. The jury could infer serious difficulty controlling behavior based not only on Dr. Self's testimony, but also on Turner's past behavior, his

8

testimony, and the evidence submitted to the jury. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). Accordingly, we cannot say Dr. Self's testimony regarding volitional impairment renders the evidence insufficient.

We conclude that, as sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Turner suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681, at **6-8 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.); *see also In re Commitment of Almaguer*, 117 S.W.3d at 506; *In re Commitment of Burnett*, 2009 Tex. App. LEXIS 9930, at *13; *In re Commitment of Grinstead*, 2009 Tex. App. LEXIS 228, at *16; *In re Commitment of Mullens*, 92 S.W.3d 881, 887 (Tex. App.—Beaumont 2002, pet. denied). The jury could infer serious difficulty controlling behavior not only from the expert testimony, but also from Turner's testimony and past behavior. *See In re Commitment of Burnett,* 2009 Tex. App. LEXIS 9930, at *13; *see also In re Commitment of Grinstead*, 2009 Tex. App. LEXIS 228, at *20. Weighing all of the evidence, the verdict does not reflect

a risk of injustice that would compel ordering a new trial. *See In re Commitment of Day*, 342 S.W.3d at 213. We overrule issue three and affirm the trial court's judgment.

      AFFIRMED.


                             _____
                               LEANNE JOHNSON
                                  Justice

Submitted on July 7, 2014
Opinion Delivered September 11, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.